UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BILLY LEE GILLIAM, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:23-cv-29 |
| ) | |
| v. ) | Judge Atchley |
| ) | Magistrate Judge Lee |
| CENTURION MEDICAL, BCCX ) | |
| COMPLEX, TENNESSEE ) | |
| DEPARTMENT OF CORRECTION, and ) | |
| KATIE CAMPBELL, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On March 7, 2023, the Court entered an Order in which it: (1) notified Plaintiff that he had not filed the required documents to proceed *in forma pauperis*; (2) notified Plaintiff that, as his two complaint filings [Docs. 1, 4] were unsigned, he had not complied with Rule 11(a) of the Federal Rules of Civil Procedure; (3) directed the Clerk to send Plaintiff copies of the last pages of his complaint filings and a prison account statement form; (4) ordered Plaintiff to return signed copies of his complaint filings and the required *in forma pauperis* documents within thirty (30) days of entry of the Order; and (5) notified Plaintiff that the Court would strike his unsigned complaint filings from the record and dismiss this action, among other things, if he did not timely comply with the Order. [Doc. 5 at 1–2]. Plaintiff has not complied with this Order, and the time to do so has passed. Accordingly, the Clerk is **DIRECTED** to strike Plaintiff's complaint filings [Docs. 1 & 4] from the record. For the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**A. Filing Fee**

In its prior Order [Doc. 5], the Court notified Plaintiff that if he did not return the required documents to proceed *in forma pauperis*, it would presume Plaintiff is not a pauper, assess him the full amount of fees, and order the case dismissed for want of prosecution. [*Id.* at 2]. This is because "[a]ll prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

However, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As the Court will strike both of Plaintiff's complaint filings pursuant to Rule 11(a), no complaint will remain in the record of this case. Thus, the Court will not assess Plaintiff the filing fee, although it acknowledges that at least one other court in this Circuit has arguably reached a different conclusion in a similar situation. *See Littlejohn v. Core Civic, et al.*, No. 3:21-CV-00743, 2022 WL 110269, at *1–2 (M.D. Tenn. Jan. 11, 2022) (granting a prisoner plaintiff's *in forma pauperis* motion and assessing the filing fee even when he did not respond to an order requiring him to sign and return a copy of his complaint).

**B. Failure to Prosecute**

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a

2

sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to timely comply with the Court's Order [Doc. 5] is due to his willfulness or fault, as it appears that Plaintiff received the Order and chose not to comply. As to the second factor, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants. As to the third factor, as noted above, the Court notified Plaintiff that failure to timely comply with its previous Order would result in dismissal of this action. [*Id.*]. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought leave to proceed *in forma pauperis* in this action but failed to comply with the Court's clear instructions regarding his complaint filings and his application for leave to proceed *in forma pauperis*, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

3

### C. Conclusion

Accordingly, this action is **DISMISSED** for want of prosecution and failure to comply with a Court Order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**SO ORDERED.**

*/s Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**